852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bobby E. VANOSTER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3033.
 United States Court of Appeals, Federal Circuit.
 June 17, 1988.
 
 Before NIES, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Bobby E. Vanoster seeks review of the final decision of the Merit Systems Protection Board, Docket No. SL34438710013, dismissing with prejudice, for lack of jurisdiction, his appeal of an alleged demotion from his position as a Security Supervisor to a lower-grade, Mail Processor position. Because substantial evidence supports the board's finding that the change was voluntary and not an adverse personnel action appealable to the board, we affirm.
 
 OPINION
 
 2
 Vanoster held the position of Security Supervisor with the United States Postal Service in Missouri until that position was abolished in a reorganization on June 30, 1986. Thereafter, the agency offered Vanoster a position in Texas at the same level rank and grade. When he declined the transfer offer, the agency offered him a lower-grade, Mail Processor position in Missouri. Vanoster accepted that position in a letter, stating:
 
 
 3
 I have been offered and hereby accept reassignment CAO from the Postal Inspection Service to the Kansas City, Missouri Post Office as a Mail Processor, PS-4. I accept the terms of this appointment with the understanding that the rate retention will be granted for a specified period of two calendar years at the EAS-14 grade occupied prior to reassignment. This offer has been accepted voluntarily, without coercion or intimidation and will become effective August 30, 1986.
 
 
 4
 Letter from Bobby E. Vanoster to United States Postal Service (Aug. 20, 1986).
 
 
 5
 Despite the above letter, Vanoster asserts that the change in position was involuntary with respect to receiving his pay rate for only two years in the lower-grade position. He argues that he might have accepted the Texas position if he had been aware that he would not be offered indefinite pay retention in the lower-grade position, which he asserts other, similarly situated supervisors received. For that reason he asserts disparate treatment and that he should not be bound by his decision as a matter of fundamental fairness and due process.
 
 
 6
 There is no evidence in the record beyond Vanoster's general allegation of disparate treatment, however, that he was treated differently from other security force supervisors. Moreover, the analysis recently applied in Gaudette v. Department of Transportation, 832 F.2d 1256, 1258 (Fed.Cir.1987), is appropriate here: "at most, [Vanoster was] faced with a decision between two unpleasant alternatives, one of which was not fully delineated. An employee's choice in such circumstances does not render his or her decision involuntary, or make it one based on misinformation or lack of information." Further, petitioner has not shown he had no alternative to accepting the Mail Processor position with only a two-year rate retention.
 
 
 7
 Vanoster also contends that he was entitled under the agency's regulations to receive his prior salary indefinitely. Section 411.44 of the Employee & Labor Relations Manual provides, however, that "[r]ate retention is not applicable to changes made voluntarily by the employee for personal convenience." As Vanoster's letter indicates, the board found, and we agree, Vanoster voluntarily accepted the mail processing position. Accordingly, the agency was not obligated to pay him his prior salary for any period. The two year period the agency provided was entirely discretionary.
 
 
 8
 The board may hear an appeal only if it is one of the specified adverse actions listed in 5 U.S.C. Sec. 7512 (1982). A voluntary reassignment to a lower-grade position is not an adverse action within the board's jurisdiction. See 5 C.F.R. Sec. 752.401(c)(3) (1988). Accordingly, we must affirm the board's decision.