856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael A. GROSSMAN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3051.
 United States Court of Appeals, Federal Circuit.
 Aug. 22, 1988.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and ARCHER, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on October 13, 1987, docket No. SF07528710410, dismissed as beyond the board's jurisdiction the appeal by Michael A. Grossman (Grossman) of his reassignment by the United States Postal Service (agency) from his position as postmaster, EAS-22, to a position as area manager, EAS-21. We affirm.
 
 OPINION
 
 2
 Grossman, in filing his appeal with the board, had the burden of establishing, by a preponderance of the evidence, that the board had jurisdiction of his claim. 5 C.F.R. Sec. 1201.56(a)(2) (1988). Grossman's choice to accept reassignment to a lower grade position is not an adverse action within the board's jurisdiction unless it is proved that Grossman's choice was involuntary, i.e., "submitted under duress brought on by Government action." See Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975). After a thorough review of the record, and in view of the arguments presented to us by the parties, we hold the board did not err by concluding that Grossman failed to sustain his burden. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); 5 U.S.C. Sec. 7703(c) (1982).
 
 
 3
 On appeal, Grossman argues that he was coerced into accepting reassignment because, based upon his knowledge of situations involving other agency employees, Grossman believed that, if he refused reassignment, the agency would remove him. We disagree. It is well established that a reduction in grade is voluntary even if an employee had accepted the transfer in order to avoid a proposed removal. See Gaudette v. Department of Transportation, 832 F.2d 1256, 1258 (Fed.Cir.1987); Griessenauer, 754 F.2d at 364.
 
 
 4
 In addition, Grossman argues that the board committed harmful error by precluding Grossman from introducing evidence on, and by not considering the totality of facts and circumstances surrounding, events covering the 3-year period prior to Grossman's temporary reassignment. Grossman contends that evidence of these events is necessary to establish Grossman's perceptions of coercion. We are not persuaded. "[E]videntiary rulings are only subject to reversal if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Hambsch v. Department of the Treasury, 796 F.2d 430, 435 (Fed.Cir.1986). Grossman has not given us grounds to disturb the board's evidentiary rulings.