989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charley D. SMITH, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 92-3567.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1993.
Rehearing Denied March 23, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, Charley D. Smith (Smith), seeks review of the April 8, 1992 decision of the administrative judge (AJ), made final by the Merit Systems Protection Board (board) in a decision dated July 21, 1992, dismissing Smith's appeal for lack of board appellate jurisdiction. This court affirms.
 
 BACKGROUND
 
 2
 Petitioner retired from the Air Force in 1977 as a 30% disabled veteran and accepted employment as a disposition clerk with the United States Postal Service (Postal Service) where he advanced to the pay grade of GS-09, step 5. While employed by the Postal Service, petitioner applied for a new position with the Air Force as part of the Professional Administrative Career (PAC) program. In 1985, petitioner's PAC application was accepted, whereupon he terminated his employment with the Postal Service and accepted a training position with the Air Force as a GS-05 Management Analyst Trainee at McClellan Air Force Base, California. After two years at his new position, petitioner's rate of pay was increased to a GS-09 level. Petitioner now contends that he should not have been downgraded in pay during his first two years at McClellan.
 
 
 3
 This court affirms board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 4
 The jurisdiction of the Merit Systems Protection Board is limited to those cases authorized by Congress. Wilson v. Merit Sys. Protection Bd., 807 F.2d 1577, 1579 (Fed.Cir.1986). Under 5 U.S.C. § 7701(a), the board has authority to hear appeals only from the types of actions specifically enumerated by law, rule, or regulation. Among those types of actions which the board does not have jurisdiction over are voluntary downgradings. Gaudette v. Dep't of Transp., 832 F.2d 1256, 1258 (Fed.Cir.1987); White v. Dep't of Treasury, 3 M.S.P.R. 488 (1980); Cohn v. Dep't of Transp., 5 M.S.P.R. 365 (1981).
 
 
 5
 However, before the board determines whether an employee's downgrading was voluntary, it must first determine whether a non-frivolous allegation of involuntariness has been made. Spiegel v. Dep't of Army, 2 M.S.P.R. 140, 142 (1980). Here, petitioner maintains that his downgrading was involuntary because he was coerced and deceived by the Air Force into leaving his job with the Postal Service to accept a lower paying PAC training position. Allegations of coercion or deceit are not frivolous where they are not general in nature but based upon specific factual allegations. Heil v. United States Postal Serv., 5 M.S.P.R. 442, 443 (1981). In the present case, petitioner's allegations fail to point out any specific instance of deceit or coercion. Thus, the allegations are frivolous and the board accordingly lacks proper board jurisdiction of petitioner's appeal.
 
 
 6
 In addition, the voluntary nature of a reassignment to a lower grade is an issue of fact. Ragland v. Internal Revenue Serv., 1 M.S.P.R. 758, 759 (1980). However, employee initiated actions such as transfers are presumed to be voluntary and not within the board's appellate jurisdiction unless appellant either presents sufficient evidence to establish that action was obtained through duress or coercion, Danelishen v. United States Postal Serv., 43 M.S.P.R. 376, 380 (1990), or shows that a reasonable person would have been misled by the agency. Yuni v. Merit Sys. Protection Bd., 784 F.2d 381,385 (Fed.Cir.1986).
 
 
 7
 Thus, assuming petitioner's allegations were not frivolous, the board would still lack jurisdiction because the AJ's findings of fact indicate that petitioner acted voluntarily when he left his position with the Postal Service to accept the PAC training position. The record does not contain any specific evidence of deceit, misrepresentation, misinformation, false statements or false promises on the part of the Air Force or Postal Service. The record also does not provide any evidence of coercion or duress. Instead, substantial evidence indicates that petitioner applied for the PAC position on his own volition and accepted it freely when it became available.
 
 
 8
 Nor does petitioner's status as a disabled veteran affect our decision. While 5 C.F.R. § 720.301 "sets forth requirements for agency disabled veteran affirmative action programs (DVAAPs) designed to promote Federal employment and advancement opportunities for qualified disabled veterans," it does not require a federal agency to hire a qualified disabled veteran at the same grade and pay as that which the veteran received at another federal agency when the veteran voluntarily transfers his employment.
 
 
 9
 It would appear from the record that petitioner, by participating in the PAC program, voluntarily accepted a downgrading to leave one career field and enter another in the hope of eventually obtaining a better position. In view of petitioner's failure to present evidence demonstrating that his allegations of involuntariness were nonfrivolous or that his downgrading was involuntary, the Merit Systems Protection Board lacked proper jurisdiction to hear his appeal. The board's decision is affirmed.