78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond J. SMITKA, Joseph M. Avaschieri, Joseph J. Heiser,
Jr., Albert J. Wielgosz and Robert J. Leonard, Petitioners,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3447.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
 
 Before NEWMAN, MICHEL and SCHALL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Raymond J. Smitka and four other postal workers[1] ("petitioners") appeal the decision of the Merit Systems Protection Board ("Board") dismissing their appeal for lack of jurisdiction. Because we agree the Board lacked jurisdiction, we affirm.
 
 BACKGROUND
 
 2
 The petitioners worked in the Wilkes-Barre, Pennsylvania, Postal Data Center ("PDC") and were eligible for preference as veterans. The Postal Service operated PDCs in several cities, including Wilkes-Barre, Pennsylvania, and Minneapolis, Minnesota. In 1992 the Postal Service decided to consolidate the operations of its PDCs, including the Wilkes-Barre and Minneapolis facilities.
 
 
 3
 Because petitioners were members of the American Postal Workers Union (APWU), the terms of their employment (wages, hours, etc.) were set pursuant to a collective bargaining agreement between the Postal Service and the APWU. Article 40 of the collective-bargaining agreement allowed the Postal Service to involuntarily reassign excess employees to available positions in other PDCs or, in lieu of involuntary reassignment, to reassign excess employees to unit positions commensurate with the bargaining agreement in other postal installations within their commuting areas. The latter option provided that where the voluntary reassignments were to lower salaried positions, the employees would be provided a protected salary rate for one year from date of reassignment.
 
 
 4
 On August 28, 1992, the Postal Service notified the APWU of its plans to relocate and consolidate operations from Wilkes-Barre to Minneapolis, stating that it would relocate petitioners (involuntarily) to Minneapolis. And on September 30, 1992, the Postal Service issued individual notices to the affected employees, including petitioners, informing them that it would relocate them involuntarily to Minneapolis. These notices also informed petitioners that they would continue to maintain their existing grade and salary levels in Minneapolis.
 
 
 5
 Following the notices of reassignment, petitioners' union negotiated three options for petitioners: (1) transfer to Minneapolis, maintaining existing pay and grade levels, (2) request a position in the Wilkes-Barre commuting area, or (3) accept severance pay and leave the Postal Service. Petitioners all requested and were granted reassignment to positions in the Wilkes-Barre commuting area, guaranteed that, in accord with Article 40, they would receive the same salary for a year.
 
 
 6
 On March 3, 1993, petitioners appealed their reassignments, arguing that the agency involuntarily demoted them in reassigning them. In her initial decision, the Administrative Judge found that the petitioners' reassignments constituted reduction-in-force (RIF) actions appealable to the Board and reversed those assignments. She based her finding on the Board's conclusion in another case, Brown v. United States Postal Service, 58 M.S.P.R. 345, 347-48 (1993), that the same 1992 reorganization constituted an appealable demotion action despite Brown's retention of grade and pay for an indefinite period, where the Board determined Brown's reassignment released him from his competitive level.
 
 
 7
 The Board reversed the initial decision, reasoning that the initial involuntary reassignment to Minneapolis was not an appealable RIF because the agency promised to retain the pay and grade level of the petitioners and had not yet issued specific assignments of a lower competitive level. The Board also reasoned that the petitioners' request to remain in Wilkes-Barre made the reassignment voluntary because it was employee-initiated and because there was insufficient evidence of agency duress or misinformation.
 
 DISCUSSION
 
 8
 Petitioners maintain that, under the decision in Brown, their reassignments were involuntary, and, thus, that they were subjected to an appealable RIF action. Alternatively, petitioners allege that the agency coerced their requests for local assignments by threatening to assign them to Minneapolis.
 
 I.
 
 9
 To maintain a RIF appeal petitioners must have been furloughed more than 30 days, separated, or demoted. 5 C.F.R. § 351.901. The Board correctly concluded there was no appealable RIF action giving the Board jurisdiction in this case because the petitioners were not permanently assigned to lower-grade positions in Minneapolis. The Board relied on Bissett v. United States Postal Service, 66 M.S.P.R. 631 (1995). In Bissett, the agency informed the employee that his new position had been eliminated as part of a restructuring. Where the employee retired before any action was undertaken to affect grade, pay, or tenure, the Board held that the employee could not have been released from competitive level by demotion because it was possible that the agency could later have reassigned the employee at the same grade or even promoted him. The Board reasoned that, as in Bissett, the original assignment to Minneapolis cannot be held to be a demotion because the agency may have in fact assigned these petitioners to positions in Minneapolis commensurate with their original positions.
 
 
 10
 Additionally, the Board distinguished the petitioners' case from the Brown case on the ground that the employee in Brown accepted an offer of reassignment to a lower level position and suffered a decrease in competitive level. The Board found that these petitioners, by contrast, never received or accepted permanent assignments that were of a lower level. Thus, petitioners were ultimately reassigned to lower level positions, not because of the involuntary reassignment to Minneapolis, but because of their choice to stay in Wilkes-Barre and to accept whatever positions were available with the guarantee, under their union agreement, of the pay and grade level of their original positions for one year. Because this is not a case where, in response to an agency reorganization, employees accepted reassignment to a lower grade position, we agree with the Board that there was no appealable RIF action.
 
 II.
 
 11
 The Board found that petitioners voluntarily chose to bid for positions in the local commuting area. Voluntary actions are not appealable. Latham v. United States Postal Serv., 909 F.2d 500, 502 (Fed.Cir.1990). Employee-initiated actions, as the ones here, are presumed to be voluntary. Covington v. Department of Health & Human Servs., 750 F.2d 937, 941 (Fed.Cir.1984). Petitioners would have to show circumstances such as agency duress or misinformation to demonstrate that the agency action was an involuntary adverse action. The case law is well-established, however, that the fact that an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make an employee's decision any less voluntary. Id. Thus, the fact that the alternative of relocating to Minneapolis was unpleasant to petitioners does not, by itself, constitute duress or coercion. Had the petitioners decided to accept the same level positions in Minneapolis, they still would not have had an appealable action. Only in the hypothetical case where the petitioners had accepted a position constituting a demotion would they have had an appealable action. Nor were the Minneapolis reassignments appealable because the agency suggested them. See Gaudette v. Department of Transp., 832 F.2d 1256, 1258 (Fed.Cir.1987) (for voluntary action not necessary for employees to request the reassignment where employees agreed to agency reassignment). Moreover, because petitioners here initiated the request for reassignment to the positions within the Wilkes-Barre commuting area, they have even less ground to allege that they were coerced into rejecting the Minneapolis assignments and electing to remain in Wilkes-Barre.
 
 
 12
 Petitioners also argue that the agency violated the veteran's preference regulations incorporated by reference in the bargaining agreement. The pertinent regulations, 5 C.F.R. §§ 351.801 & 351.802, require 60 days' notice for employees selected for release from competitive level. The petitioners' arguments assume that they were subject to a RIF involving a demotion, not a voluntary reassignment, and, thus, according to those regulations, were entitled to certain notice requirements. Because we agree with the Board that the petitioners voluntarily chose those reassignments, and did not act in response to an appealable RIF action, we find the petitioners' notice argument unpersuasive.
 
 
 13
 Because the Board correctly determined that it did not have jurisdiction since the petitioners had not been subject to an appealable RIF action and had voluntarily chosen the Wilkes-Barre reassignments, we affirm.
 
 
 
 [1]
 This court granted Robert J. Graziano's motion to withdraw as a petitioner