**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAMERON C. OXBERRY,
      Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
      Agency.

DOCKET NUMBER
SF-0752-17-0350-I-1

DATE: July 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cameron C. Oxberry</u>, Solana Beach, California, pro se.

<u>Nelson Wong</u>, Esquire, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  However, for the reasons set forth below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2 On August 3, 2009, the appellant entered on duty as a Border Patrol Agent in Calexico, California.  Initial Appeal File (IAF), Tab 5 at 106.  Effective August 12, 2012, he resigned from the agency to go to law school.  *Id.* at 128, 145.  In January 2015, after he had graduated from law school, the appellant submitted a request for reinstatement to his former position.  *Id.* at 123-24.  The San Diego Sector Chief Patrol Agent approved the appellant's request for reinstatement on or about October 28, 2015.  *Id.* at 10.  On or about March 23, 2016, the Minneapolis Hiring Center extended the appellant an offer of employment as a Border Patrol Agent, noting that it was contingent upon his successful completion of all preemployment requirements, including a background investigation and a polygraph examination.  *Id.* at 99-100.  The appellant accepted the conditional offer the same day.  *Id.* at 99.

¶3 On or about June 2, 2016, the agency's Office of Professional Responsibility informed the agency's Office of Human Resources Management that the appellant did not successfully complete a polygraph examination, *id.*

at 32, and, on or about June 9, 2016, the agency notified the appellant that his tentative offer of employment was rescinded for that reason, *id.* at 30-31.

¶4   On April 5, 2017, the appellant filed this Board appeal. IAF, Tab 1. He requested a hearing. *Id.* The administrative judge issued a jurisdictional order informing the appellant that the Board may not have jurisdiction over his 2012 resignation and ordering the appellant to file evidence and argument establishing a nonfrivolous allegation of Board jurisdiction. IAF, Tab 2. The appellant responded. IAF, Tabs 4, 10, 11. Thereafter, the administrative judge issued an initial decision that dismissed the appeal as untimely filed. IAF, Tab 14, Initial Decision (ID). Relying on *Popham v. U.S. Postal Service*, 50 M.S.P.R. 193, 197 (1991), the administrative judge found that, in light of his finding on the timeliness issue, he need not address the issue of Board jurisdiction. ID at 6.

¶5   In his petition for review,[2] the appellant argues, as he did below, that he established good cause for his delay in filing an appeal. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition. PFR File, Tab 3.

## ANALYSIS

¶6   The existence of Board jurisdiction is the threshold issue in adjudicating an appeal. However, in an untimely appeal, a jurisdictional determination is not deemed to be in the Board's interests of adjudicatory efficiency and fairness to the parties involved if the record is sufficiently developed to show that the appeal should be dismissed because no good cause exists for the untimely filing. *See*

---

[2] Attached to the appellant's petition for review are records of emails and telephone calls that he made to the agency's Human Relations Office showing that he consulted them before he resigned. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The records from 2012 submitted by the appellant were available before the record closed; thus, we will not consider them.

*Higgins v. U.S. Postal Service*, [86 M.S.P.R. 447](), ¶ 6 (2000). Such an approach is not appropriate, however, if the jurisdictional and timeliness issues are "inextricably intertwined"; that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action. *Id.* Because the issues of timeliness and jurisdiction are inextricably intertwined in this case, it was error for the administrative judge to dispose of the appeal on timeliness grounds. *See id.*

¶7        An appellant is entitled to the hearing on the issue of Board jurisdiction if he makes a nonfrivolous allegation that his resignation was involuntary. *See Burgess v. Merit Systems Protection Board*, [758 F.2d 641](), 643 (Fed. Cir. 1985). For the reasons stated below, we find that the undisputed facts preclude a finding that the appellant made a nonfrivolous allegation of jurisdiction over this appeal; thus, he has not established a right to the hearing that he requested.

¶8        A decision to resign is presumed to be a voluntary act outside of the Board's jurisdiction, and the appellant bears the burden of showing that his resignation was involuntary and therefore tantamount to a forced removal. *Garcia v. Department of Homeland Security*, [437 F.3d 1322](), 1329-30 (Fed. Cir. 2006). One means by which an appellant may overcome the presumption of involuntariness is by showing that the resignation was obtained by agency misinformation or deception. *Covington v. Department of Health and Human Services*, [750 F.2d 937](), 942 (Fed. Cir. 1984). When an appellant claims that his decision to resign was the result of agency misinformation, he must show the following: (1) the agency made misleading statements; and (2) he reasonably relied on the misinformation to his detriment. *Salazar v. Department of Army*, [115 M.S.P.R. 296](), ¶ 9 (2010).

¶9        On appeal, the appellant asserted that, before resigning in 2012 to go to law school, he spoke to an agency Human Resources (HR) representative who advised him that he would "not be subject to new hire parameters like a new applicant" if he applied for reinstatement. IAF, Tab 1 at 5. The appellant contends that the

HR representative did not advise him that he would have to undergo a background investigation and take a polygraph examination if and when he would seek reinstatement. *Id.* He contends that, a week before resigning in 2012, he spoke to an Indianapolis Hiring Center representative who told him that he would not need to undergo a background investigation if he requested reinstatement. *Id.* at 6. The appellant alleges that, if he had been told before he resigned that he would have to undergo a lengthy background investigation, including a polygraph examination, upon applying for reinstatement, he would not have resigned in 2012. *Id.*

¶10 We find that the appellant has failed to nonfrivolously allege that he reasonably relied on agency misinformation to his detriment in making his decision to resign. First, while the appellant appears to allege that the agency's HR representative provided him with misinformation, the appellant's statements more accurately indicate that the HR representative did not provide him with any information regarding the background investigation. *See Gaudette v. Department of Transportation*, 832 F.2d 1256, 1258-59 (1987) (discussing the distinction between misinformation and "lack of information"). We find no evidence in the record that the agency knew that the appellant was operating under a misapprehension based upon the HR representative's omission of information that would have required the agency to affirmatively correct his misunderstanding. *See Johnson v. U.S. Postal Service*, 66 M.S.P.R. 620, 628 (1995). While the appellant contends that the Indianapolis Hiring Center representative explicitly advised him that he would not need to undergo a background investigation if he later applied for reinstatement, we find that he failed to nonfrivolously allege that he reasonably relied on this information to his detriment.

¶11 Available to the appellant prior to his resignation in August 2012 was the U.S. Custom and Border Protection (CBP) regulation on the agency's Reinstatement Program, issued on October 21, 2011. The regulation provides that, before obtaining reinstatement:

> [T]entative selectees must receive a favorable suitability adjudication for employment with [the agency] based on a completed 10-year Single Scope Background Investigation (SSBI) within the preceding five years. There is a high probability that any applicant not currently employed by [the agency] may be required to successfully complete a polygraph examination.

IAF, Tab 5 at 150. The Board may rely on the CBP regulation even though the agency submitted it because, in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the Board may consider the agency's documentary submissions to the extent that the agency's evidence does not constitute mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). The content of the agency's regulation is undisputed.

¶12 The appellant was aware that he had an SSBI in 2009, before the agency hired him. He should have known that, as set forth in the CBP regulation on the agency's Reinstatement Program, he would have to complete an SSBI and a polygraph examination if he sought reinstatement more than 5 years after 2009. Here, he sought reinstatement in 2015. Under the circumstances, we find that the appellant failed to make a nonfrivolous allegation that he reasonably relied on agency misinformation to his detriment in making his decision to resign in 2012. Thus, he has failed to make a nonfrivolous allegation of Board jurisdiction entitling him to a jurisdictional hearing. Accordingly, we dismiss the appeal for lack of jurisdiction.

¶13 In light of our finding that the Board lacks jurisdiction over this appeal, we do not reach the timeliness issue. *See Checketts v. Department of the Treasury*, 91 M.S.P.R. 89, ¶ 7 n.1, *aff'd*, 50 F. App'x 979 (Fed. Cir. 2002). Thus, we do not address the appellant's assertions in his petition for review that the administrative judge erred in finding that the petition was untimely filed.

**NOTICE OF APPEAL RIGHTS[3]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.