**Joseph H. WILLIAMS, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

**No. 87–3222.**

United States Court of Appeals, Federal Circuit.

Nov. 12, 1987.

Reagan H. Weaver, Edmisten & Weaver, Raleigh, N.C., argued for petitioner. With him on the brief was Richard W. Rutherford.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Before MARKEY, Chief Judge, NIES and BISSELL, Circuit Judges.

NIES, Circuit Judge.

Joseph H. Williams seeks review of the final decision of the Merit Systems Protection Board, 32 M.S.P.R. 642, dismissing, for lack of jurisdiction, his appeal of his resignation from his position as a Soil Conservationist, GS–12 with the Department of Agriculture because he failed to establish that his resignation was involuntary. We affirm.

The agency notified Williams that his position would be abolished because of budget reductions and shifting program priorities following passage of the Gramm–Rudman budget law. The agency offered to reassign him to a GS–12 position in another city and advised him that he had three options: 1) report for duty in the new position; 2) do not report and face a removal action; or 3) resign before his position was abolished. Williams refused the reassignment for personal and financial reasons and opted instead to resign and apply for discontinued service retirement rather than have a removal action on his record.

Prior to his resignation Williams discussed his options with Barbara Brooks, an agency personnel officer. Williams argues that his resignation was involuntary because Brooks gave him misleading advice regarding his appeal rights. Brooks told Williams he could resign and then appeal to the board on the basis that his resignation was involuntary.

Williams first asserts that the agency had an affirmative duty to inform him that a voluntary resignation would deprive the board of jurisdiction. Per Williams, the agency's "incomplete" advice caused him to fall into a " 'loss of jurisdiction' trap." Williams' argument might have merit if a dismissal for lack of jurisdiction meant that he did not have an opportunity to present the merits of his claim that the action was not voluntary. That is not the situation here.

Williams appealed to the board on the ground that his resignation was involuntary. The issue of whether his resignation was voluntary or involuntary was fully litigated. As we stated in *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed.Cir. 1987), the merits and jurisdiction are inextricably intertwined in an alleged involuntary resignation case. If it is found that the employee's action was voluntary, it follows that the agency did not take an "adverse action" against the employee, and the board then must dismiss for lack of jurisdiction.

We discern no prejudice to Williams that the final disposition of his appeal here technically took the form of a dismissal for lack of jurisdiction. Williams does not assert that he was prevented in any way from litigating the involuntariness of his resignation, and clearly he was not. *See Dumas v. Merit Sys. Protection Bd.*, 789 F.2d 892, 894–95 (Fed.Cir.1986) (improper dismissal where no hearing on jurisdiction). Indeed, Williams asserts no reason why he was prejudiced or how he would somehow have been better off if the board had taken jurisdiction and dismissed on the merits. In sum, where the merits and jurisdiction require resolution of the identical issue, there simply cannot possibly be a "loss of jurisdiction trap" merely because the tech-

nical form which the final disposition takes is a dismissal for lack of jurisdiction.

Williams also asserts that the agency should have advised him that his resignation would likely be deemed voluntary and that the agency would raise that defense. In effect, Williams is asking this court to establish an affirmative duty on the part of the agency to provide an *opinion on the merits* of a potential appeal, not simply to provide notice of a *right to appeal.* In a recent decision this court rejected that proposition holding that an agency has no obligation to counsel its employees on what constitutes "involuntariness" in a legal sense. *Gaudette v. Department of Transp.*, 832 F.2d 1256, 1258–59 (Fed.Cir. 1987).

We recognize, of course, that where an agency advises an employee on options available to him or her, it must give correct information so that the employee may make an informed choice. *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574–75 (Fed.Cir.1983). Further, where misinformation is given which would prevent an employee from making an informed choice, the agency has an obligation to provide correct information. *Gaudette*, 832 F.2d at 1258; *Covington v. Department of Health & Human Servs.*, 750 F.2d 937, 942–43 (Fed.Cir.1984). In this case the agency advised Williams he could appeal an involuntary resignation. That advice was completely accurate. Williams' reliance on *Covington* and *Scharf* is misplaced.

All of Williams' arguments having been considered, although not discussed, the decision of the board dismissing Williams' appeal for lack of jurisdiction is affirmed.

AFFIRMED