NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**HOA NGUYEN,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF COMMERCE,**
*Intervenor*

_____

2015-3144

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-0767-I-1.

_____

Decided: May 6, 2016

_____

HOA NGUYEN, Springfield, VA, pro se.

MICHAEL ANTON CARNEY, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

———————————

Before DYK, MOORE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Ms. Hoa Nguyen petitions for review of a final decision of the Merit Systems Protection Board ("MSPB" or "the Board") dismissing her appeal for lack of jurisdiction. Because we agree that Ms. Nguyen has failed to non-frivolously allege that her retirement was involuntary, we agree that the Board lacked jurisdiction, and we <u>affirm</u>.

## BACKGROUND

Ms. Nguyen served as a Supervisory Patent Examiner at the United States Patent and Trademark Office ("the agency"). On September 6, 2013, Ms. Nguyen received a Notice of Proposed Reduction in Grade from a Supervisory Patent Examiner to a Patent Examiner. The notice was issued by her direct supervisor, Mr. Derris Banks. Mr. Banks's notice alleged that she had violated rules prohibiting nepotism in attempting to use her position in the agency to prevent her son, a probationary patent examiner also at the agency, from being fired. Specifically, the letter alleged that Ms. Nguyen had approached two directors of technology centers to ask if her son could be transferred to their departments rather than be terminated.

On October 18, 2013, then-Assistant Deputy Commissioner for Patent Operations, Valencia Martin-Wallace, determined that Ms. Nguyen should be reduced in grade. Finding statements from the directors of the technology

units to be "more credible" than Ms. Nguyen's statements, Ms. Martin-Wallace found that Ms. Nguyen's "unacceptable and inappropriate" behavior in relation to her son's firing necessitated the reduction in grade, effective two days later on October 20, 2013. J.A. 75–76. Ms. Martin-Wallace's decision letter apprised Ms. Nguyen of her right to appeal the decision to the Board. Shortly after receiving the decision, Ms. Nguyen also received her yearly performance review from Mr. Banks, which reflected a reduced rating. Ms. Nguyen, apparently unhappy with the reduction in grade and performance review, discussed with Mr. Banks the possibility of resigning.

Thereafter, believing that Ms. Nguyen had indeed already decided to resign, Mr. Banks ordered that technicians collect Ms. Nguyen's government-supplied laptop. When the technicians arrived to collect the laptop, Ms. Nguyen objected and called Mr. Banks. Mr. Banks came to Ms. Nguyen's office, and, according to Ms. Nguyen's allegations, demanded a definitive answer on whether Ms. Nguyen intended to resign. Ms. Nguyen informed Mr. Banks that she did not intend to resign. Ms. Nguyen then sent an email to Mr. Banks, stating that she felt that she was "being forced . . . to resign, to quit instantly per your behavior." J.A. 62. After receiving this email, Mr. Banks and another supervisor stopped by Ms. Nguyen's office and assured her that she could take her time to make the decision on whether to resign or not. Mr. Banks also later replied to Ms. Nguyen's email reiterating that "[a]s we stated multiple times today, the decision of whether to resign or stay is completely up to you. If you decide to resign, the decision as to when you would like to resign is also completely up to you." J.A. 62.

Mr. Banks also ordered that Ms. Nguyen's access to supervisory functions of the agency computer system be revoked pursuant to her pending reduction in grade. Apparently finding this to be the last straw, Ms. Nguyen

then went to human resources to pick up retirement papers.

At some point during the sequence of events, Ms. Nguyen also sent emails to Ms. Martin-Wallace, the deciding official at the agency, offering to drop all future appeal rights in exchange for a suspension of up to thirty days instead of the reduction of grade. In these emails, Ms. Nguyen stated that "in the event that" the offer was refused, she was "preparing . . . immediate retirement paperwork." J.A. 59. Ms. Nguyen was informed via email that Ms. Martin-Wallace was out of the office and could not reply to the offer until the subsequent Monday, one day after the reduction in grade would be effective. Ms. Nguyen filed her retirement papers that Friday, effective the next day, Saturday, October 19, 2013, and one day before her reduction in grade would have gone into effect.

Ms. Nguyen appealed to the MSPB on October 28, 2013, alleging involuntary retirement.[1] After briefing, the administrative judge dismissed the appeal, finding that Ms. Nguyen had "failed to articulate a nonfrivolous

---

[1] Ms. Nguyen also filed an Equal Employment Opportunity (EEO) complaint with the agency, alleging that various agency actions, including her demotion, were the result of reprisal and discrimination based on race and national origin. On May 15, 2014, the agency issued its final decision finding no discrimination. The Board did not consider her discrimination claim because it found that it lacked jurisdiction over her involuntary retirement claim. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245–46 (Fed. Cir. 1991) (en banc) (holding that when presented with a mixed case of constructive removal and discrimination, the Board only has authority to decide the discrimination issue if the Board has jurisdiction over the alleged constructive adverse action).

allegation" that she had been forced to retire.  J.A. 113.
The full Board affirmed, finding that Ms. Nguyen "has not
made allegations that, if proven, could show that a rea-
sonable person in her circumstances would have viewed
retirement as the only viable alternative."  J.A. 9.

Ms. Nguyen petitioned for review by our court.  We
have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5
U.S.C. § 7703(b)(1) & (d).  We must affirm a decision of
the Board unless it is found to be "(1) arbitrary, capri-
cious, an abuse of discretion, or otherwise not in accord-
ance with law; (2) obtained without procedures required
by law, rule, or regulation having been followed; or (3)
unsupported by substantial evidence."  5 U.S.C. § 7703(c);
*Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir.
1984).

## DISCUSSION

Section 7513(d) of title 5 grants the Board jurisdiction
to hear appeals over certain enumerated adverse actions
taken by an agency against an employee.  Among these
"adverse actions" are removals, reductions in grade or
pay, suspensions, and furloughs.  5 U.S.C. § 7512.  To
establish Board jurisdiction, the employee must demon-
strate that she is a covered employee and that the agency
took an enumerated adverse action.  *See Garcia v. Dep't of
Homeland Sec.*, 437 F.3d 1322, 1327–28 (Fed. Cir. 2006)
(en banc).

The Board does not have jurisdiction to hear appeals
from voluntary employee-initiated actions, such as resig-
nation and retirement.  *Id.* at 1328.  However, in some
circumstances, an employee can demonstrate that an
otherwise facially voluntary act, such as a resignation or
retirement, "was involuntary and thus tantamount to
forced removal." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336,
1341 (Fed. Cir. 2001) (citations omitted).  This court has
held that, to demonstrate an involuntary resignation or

retirement, a petitioner must make non-frivolous allegations that (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency. *Garcia*, 437 F.3d at 1329. A "mere assertion does not provide a basis for Board jurisdiction in [a] voluntary resignation case," *Cruz v. Dept. of the Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc); rather, the petitioner's allegations must be "supported by affidavits or other evidence." *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356, 1361 (Fed. Cir. 2002) (overruled on other grounds). Ms. Nguyen alleges that her choice to retire was coerced and involuntary, and thus argues that the Board has jurisdiction over her appeal.

First, Ms. Nguyen contends that her retirement was coerced because the agency knew or should have known that her demotion action could not be substantiated. In *Schultz v. U.S. Navy*, we found that if an "employee can show that the agency knew that the reason for the threatened removal" cannot "be substantiated, the threatened action by the agency is purely coercive" and thus facially-voluntary acts resulting from the threatened removal may be involuntary. 810 F.2d 1133, 1136 (Fed. Cir. 1987). Ms. Nguyen did not make this argument before the Board, and therefore it is waived. *See* J.A. 4 n.3 ("Although the appellant alleges she has engaged in no wrongdoing, she has not contended that the agency knew or should have known that its demotion action could not be substantiated or that the agency lacked an arguable basis for the proposed action."); *Elmore v. Dep't of Transp.*, 421 F.3d 1339, 1342 (Fed. Cir. 2005). In any event, Ms. Nguyen has not sufficiently alleged even on review that the reduction in grade could not be substantiated. The notice of a proposed reduction in grade cited two specific incidents where Ms. Nguyen allegedly sought to have her son

transferred rather than being fired. These allegations were supported by statements from the two directors involved. Ms. Nguyen has not sufficiently alleged that the agency knew, or should have known, that there was no "viable basis" to support her reduction in grade. *See* J.A. 4 n.3. If Ms. Nguyen concluded the agency's position was unsupported, her remedy was to appeal the reduction in grade to the MSPB.

Second, Ms. Nguyen argues that she did not have adequate time to decide whether to retire or receive a demotion, and thus she was forced to retire. In situations where an employee has been forced to make an immediate decision, such as when an employer threatens an employee to "resign now, [or the supervisor] will press charges immediately," courts have found improper coercion sufficient to render resignations involuntary. *Paroczay v. Hodges*, 297 F.2d 439, 440 (D.C. Cir. 1961); *see also Middleton v. Dep't of Def.*, 185 F.3d 1374, 1381 (Fed. Cir. 1999). Ms. Nguyen has not alleged that she faced such circumstances. Rather, she simply alleges that Mr. Banks demanded a definitive answer as to whether or not she was retiring. Further, according to Ms. Nguyen's own statements, her supervisors told her to take her time in making a decision and that the choice of whether and when to resign was hers, and hers alone.[2] The Board did not err in finding that Ms. Nguyen's allegations here do

---

[2] Ms. Nguyen alleges that she received Mr. Banks's email after she had already turned in her retirement papers. But according to her own sworn statement, Mr. Banks and another director came to her office before she turned in her retirement papers to assure her that she "could take time to make the decision on whether to quit or not." J.A. 54.

not amount to improper coercion rendering her resignation involuntary.

Lastly, Ms. Nguyen argues that she was not properly informed that her decision to retire would terminate her appeal rights, and thus her decision to retire was involuntary. In general, an agency is not required to inform an employee about the ramifications of voluntary decisions, such as the decision to retire or resign. *Williams v. Dep't of Agric.*, 832 F.2d 1259, 1261 (Fed. Cir. 1987). However, "[a] resignation or retirement is involuntary if it is obtained by agency misinformation or deception." *Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984). Thus, when an agency has affirmatively misled an employee, by providing inaccurate information or by failing to correct inaccurate information regarding the employee's rights, the resulting action may be involuntary. *See id.* But Ms. Nguyen does not allege that the agency here gave her incorrect information. Rather she argues that her emails indicated that she (incorrectly) believed that she could still appeal after retiring and that the agency misled her by not correcting her error. This allegation, however, is not supported by evidence. Ms. Nguyen's emails do not indicate that she believed she could still appeal after voluntarily retiring. Rather, in the emails, Ms. Nguyen stated that she was considering different options, writing that she "intend[ed] to file an appeal and/or an EEO complaint," but that she was "also considering retiring immediately in order to avoid having [her] record damaged." J.A. 61. Moreover, the emails indicate that Ms. Nguyen was represented by counsel, who presumably could have correctly counseled her on the ramifications of deciding to retire. Ms. Nguyen's allegations of deception are not non-frivolous.

Ms. Nguyen has not successfully alleged facts that, if proven, would demonstrate that her decision to retire was involuntary. As we have previously said, the "imminence

of a less desirable alternative does not render involuntary the choice made." *Cruz*, 934 F.2d at 1245. Ms. Nguyen, faced with a reduction in grade, voluntarily decided to retire rather than appeal her reduction in grade. We therefore affirm the decision of the board dismissing her appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.